ROSA HEEP

v.

BURR & HARKLESS.

*Certiorari—Justice's Judgment—Sufficiency of Petition for Diligence, on Part of Person Ignorant of English Language.*

In the case presented, this court holds that the facts stated in the petition for a *certiorari* were sufficient to warrant the issuance of the writ.

[Opinion filed December 16, 1889.]

APPEAL from the Circuit Court of Will County; the Hon. DORANCE DIBELL, Judge, presiding.

Messrs. HALEY & O'DONNELL, for appellant, cited Cook v. Hoyt, 13 Ill. 145; McNerney v. Newbury, 37 Ill. 91; Pearce v. Wade, 19 Ill. App. 185; Curren v. Davis, 7 Ill. App. 407.

Messrs. FITHIAN & COWING, for appellees.

LACEY, J. The appellant filed her petition in the Will County Circuit Court praying for a writ of *certiorari* from

said court to remove this cause from a justice of the peace, wherein she was defendant and appellees were plaintiffs, to the Circuit Court, a proper appeal bond being filed. The appellee made a motion in the Circuit Court to quash the writ and dismiss the petition, which was sustained by the court, and the writ quashed and the petition dismissed by order of court. To this ruling the appellant took the proper exception and brings the cause to this court on appeal. The only question in the case is the sufficiency of the petition, except that the court erred in taking notice of the motion of counsel for appellees, who only entered an appearance limited to the motion, but as we shall sustain the petition it will not be necessary to pass on the last question. The petition shows that appellant was a resident of Spring Valley, in the county of Bureau, and State of Illinois; that on the 23d day of May, 1888, the appellees commenced an action against her before one Wilcox, a justice of the peace, to recover the sum of $51.50 alleged to be due from her to them for services claimed to have been rendered by them for appellant in the conduct of certain litigation in the State of Missouri as attorneys for appellant; that on the 29th day of May, 1888, the said justice rendered judgment against her for said sum and costs; that before the commencement of the said action the appellees had commenced action against her in the County Court of Will County to recover for the identical alleged indebtedness from appellant; that the summons in such last suit was returnable to the March term of said County Court; that appellees, in said action, did not file a declaration in said cause so that a trial might be had at the March term, and for that reason the cause was continued to the July term of said court; that shortly after the commencement of said action in the said County Court appellant retained Haley & O'Donnell, lawyers, as her attorneys, to appear for her and defend said action; that appellant was not a native of this country and understands the English language only with great difficulty.

The petition further avers that on the 23d day of May, A. D. 1888, while passing through the city of Joliet, shortly before the departure of the train from Joliet, through to

Spring Valley, on the Chicago, Rock Island and Pacific Railway, appellant was approached at the depot by a stranger who claimed to be an officer, who thereupon read a paper to her which he informed her was a summons; that at this time she was not aware of the continuance of the case in the County Court; that appellant, not understanding the said paper, inquired of the officer as to its meaning, and what your petititioner was to do, and that the said officer informed her that it was a summons to appear before the Will County Court; that appellant, not having time to consult her counsel, as soon as she arrived home wrote her lawyers informing them that she had been again summoned to appear before the Will County Court, inquiring why she was summoned twice; that her attorneys informed her that the case had been continued to the July term, and that they were not aware of any necessity for a second summons, and were of opinion that it must be a mistake; that at the July term of said court the cause against appellant was dismissed by the court, because a declaration had not been filed at the second term, after the commencement of the action.

The petition further showed that the first intimation that petitioner had of any proceedings before a justice of the peace was after the first of the present month (September, 1888), when a constable of Bureau county, Ill., demanded satisfaction and payment of an execution for the sum of $51.50, issued on said justice judgment. Appellant further shows that she was not at the time of the commencement of said action, nor was then, and never was, indebted to the said appellees in any manner whatever, and the judgment was, therefore, wholly unjust and erroneous.

We shall consider the question as to whether or not the petition shows sufficient grounds for the issuance of the writ. In order to authorize a party to take an appeal from before a justice of the peace to the Circuit Court after the expiration of the twenty days allowed by law, the statute requires that the petition should show "that the judgment before the justice of the peace was not the result of negligence in the party

applying for the writ of *certiorari;* that the judgment, in his
opinion, is unjust and erroneous, setting forth wherein the
injustice and error consists, and that it was not in the power
of the party to take an appeal in the ordinary way, setting
forth the particular circumstances which prevented him from
so doing."

The appellees insist that the petition fails to show that
it was out of appellant's power to take an appeal in the ordi-
nary way or that the judgment was not the result of negli-
gence or to set forth facts and circumstances to show the
injustice of appellees' claim.   The first two objections may be,
so far as applicable to the facts of this case, classed in one.
If the petition shows that she could not have taken an ap-
peal in the ordinary way the same fact shows that the ren-
dition of the judgment was not the result of negligence.   The
petition does not attempt to show that it was physically out
of her power to take an appeal in the ordinary way but that
it was so in fact because she was not informed of the com-
mencement of the suit or the rendition of the judgment until
after it was too late to take the appeal.   The same facts will
show that the judgment was not the result of negligence.

We think the petition sufficiently shows that the appel-
lant was not aware of the commencement of the suit or the
rendition of the judgment and that no negligence is imputable
in not being so aware.   The circumstances were, that she did
not understand the English language except with great diffi-
culty, and when the summons was read to her, she did not
understand it and asked the officer what its meaning was and
he, as she understood, misinformed her, that it was a sum-
mons to answer appellees' suit in the County Court.   Her sub-
sequent conduct and her prior efforts to defend against appel-
lees' claim show that her mistake was one that resulted from
her ignorance of the English language and without negligence.
Though the summons was read to her, she never knew that it
was a summons to appear before a justice.   Never having
discovered the fact of the rendition of the judgment till too
late to appeal in the ordinary way, it was out of her power
to appeal, and we do not think that from all the information

that she placed in the hands of her attorneys they can be charged with negligence. We do not think the point made by counsel for appellees, that the petition fails in not sufficiently setting forth wherein the injustice and error of the claim against her consisted, is well taken. The petition sets forth that the claim sued on before the justice was for a sum of money claimed by appellees to be due them from appellant for services claimed to be rendered by them for appellant in the conduct of certain litigation in the State of Missouri as attorneys for her.

The petition further states that the judgment is wholly unjust and erroneous in that at the time of the commencement of the said action she was not, nor was she then or ever indebted in any manner to the said appellees. This we regard as a sufficient statement of the injustice of the claim. It is equivalent to stating that she was not nor ever had been indebted to them on account of the supposed attorney's fees. It was not required to state any more particularly the grounds of the injustice of the claim. The judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*